

**ORDERED in the Southern District of Florida on December 11, 2015.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:   Case No. 13-16656-EPK

**ROBERT ILICETO,**   Chapter 13

    Debtor.
_____/

ORDER GRANTING
MOTION TO DEEM MORTGAGE EXTINGUISHED AND/OR SATISFIED

THIS MATTER came before the Court for hearing on November 9, 2015 upon the *Motion to Deem Mortgage Extinguished and/or Satisfied* [ECF No. 170] (the "Motion") filed by Robert Iliceto (the "Debtor"). The Debtor requests an order of the Court deeming the mortgage held by Nationstar Mortgage, LLC ("Nationstar") on the Debtor's homestead property to be extinguished and/or satisfied in light of prior orders of the Court ruling that Nationstar held only an unsecured claim. The Court will grant the Motion for the reasons stated below. As the Debtor has received a discharge in this case, and Nationstar no longer holds an enforceable lien on the Debtor's home, Nationstar retains no claim or other right against the Debtor or his property.

US Bank held a mortgage on the Debtor's homestead and was pursuing foreclosure prior to the filing of this case. The Debtor filed a voluntary petition with this Court on March 25, 2013. Attorney Kevin Comer, Esq. appeared in this case on behalf of US Bank. ECF No. 13.

In December 2013, US Bank transferred its secured claim to Nationstar. Nationstar then filed with this Court a formal transfer of claim other than for security, indicating that Nationstar is the owner and holder of the mortgage on the Debtor's homestead. ECF No. 109. Nationstar gave its address as "350 Highland Drive, Lewisville, TX 75067." As of December 26, 2013, US Bank did not retain any claim against the Debtor or the bankruptcy estate; US Bank was no longer a party in interest in this case.

Mr. Comer has never appeared in this case as counsel for Nationstar. No lawyer appeared in this case as counsel for Nationstar until October 29, 2015, when counsel appeared in connection with Nationstar's opposition to the present Motion. ECF No. 173.

In February 2014, the Debtor filed an objection to the secured claim of US Bank on the grounds that US Bank could not prove it was the rightful holder of the promissory note and mortgage that were the basis of its claim. ECF No. 113. The objection was served using the Court's negative notice procedure. The Debtor served Mr. Comer, but his client, US Bank, no longer held the claim. Although Nationstar had filed its notice of transfer two months prior, the Debtor did not serve Nationstar with his objection. Having received no response, the Debtor filed the certificate of no response required by this Court's local rules and the Court sustained the objection. The resulting order disallowed the claim of US Bank in full. ECF No. 116. That order had no impact in this case because US Bank was no longer a creditor, Nationstar was not served with the objection, and there is no evidence that Nationstar had actual notice of the objection. There is nothing in the record to show that the Debtor served Nationstar with the order sustaining the objection. *See* ECF No.

117.  Nationstar is not bound by the order sustaining the Debtor's objection to the claim of US Bank at ECF No. 116.

In March 2014, the Debtor filed an objection to the secured claim of Nationstar, again arguing that Nationstar (as assignee of US Bank) could not prove itself the rightful holder of a mortgage.  ECF No. 118.  The objection was served using the Court's negative notice procedure.  Again, the Debtor served Mr. Comer, but his client, US Bank, no longer held the claim.  The Debtor did not serve Nationstar with the objection.  Having received no response, the Debtor filed the certificate of no response required by this Court's local rules and the Court sustained the objection.  ECF No. 123.  In that order, the Court ruled that Nationstar was not entitled to a secured claim and, instead, allowed the claim on an unsecured basis.  The order explicitly provided: "Any security interest Nationstar Mortgage LLC, may claim in the real property located at 3602 NW 23rd Ct., Boca Raton, FL  33431 shall be void and ineffective upon entry of the Debtor's Discharge."  As with the Debtor's objection to the claim of US Bank, Nationstar was not served with the objection and there is no evidence that Nationstar had actual notice of the objection before entry of the order sustaining it.

Importantly, however, the Debtor did serve Nationstar with this Court's order sustaining the Debtor's objection and ruling that Nationstar holds only an unsecured claim in this case.  In a certificate of service filed on April 29, 2015, counsel for the Debtor certified that the order was served by mail on Nationstar at the address provided in Nationstar's own notice of claim transfer.  ECF No. 124.  The order was not appealed.

Over the following eighteen months, the Debtor filed several documents predicated on this Court's ruling that Nationstar held only an unsecured claim in this case.  Service of these documents was erratic.  For instance, the Debtor served a motion to modify his chapter 13 plan [ECF No. 128] to treat Nationstar as a wholly unsecured creditor by

3

mailing the motion to "Nationstar Mortgage, LLC, c/o Christopher Giacinto, 4630 Woodland Corp Blvd #100, Tampa, FL 33614" and to "Bank of America, Nationstar" at a post office box in Irving, Texas.  The Debtor served the related notice of hearing on Nationstar in the same manner.  Yet Mr. Giacinto is a lawyer who has never appeared on behalf of Nationstar in this case, and the Irving, Texas address does not appear to be a valid address for Nationstar.  While the Debtor served copies of his modified plans on all parties on the mailing matrix in this case, which included Nationstar at the address it designated in ECF No. 109, the Debtor did not serve the motion to modify his plan, the related notice of hearing, or the resulting order approving plan modification [ECF No. 139] on Nationstar at that address.  In light of the Debtor's failure to properly serve Nationstar with its motion to modify and the related notice of hearing, without more, the Debtor's modified plan might not be binding on Nationstar.  But the analysis does not stop there.

  In February and July, 2014, Nationstar filed notices of mortgage payment change with the clerk, listing specified monthly mortgage payments for the Debtor.  As a result of this Court's prior ruling that Nationstar held only an unsecured claim, the Debtor believed that Nationstar did not have a right to file notices of mortgage payment change with this Court.  In September 2014, the Debtor filed a motion asking the Court to strike Nationstar's notices of mortgage payment change for this reason.  ECF No. 141.  The Debtor explicitly argued that "Nationstar is not the holder of a secured interest" in the Debtor's home.  The Debtor served Nationstar with the motion to strike and the related notice of hearing by mail at the address Nationstar indicated in ECF No. 109.  Nationstar did not file an objection to the motion to strike or attend the hearing.  On February 5, 2015, the Court granted the motion to strike, ruling that Nationstar's notice of mortgage payment should be stricken.  ECF No. 148.  That order was also served on Nationstar at its designated address.  ECF No. 149.

In March 2015, Nationstar filed a formal notice of change of address, providing a new service address.  ECF No. 150.

In June 2015, filed a motion requesting approval of a lump sum payment to creditors under his modified chapter 13 plan, thereby permitting the Debtor to receive an immediate discharge.  ECF No. 155.  That motion incorporated the Debtor's last modified plan approved by this Court on August 5, 2014, which explicitly states in paragraph 5 that "[t]he claim of NationStar Mortgage, LLC, as assignee of the claim, was reclassified as a general unsecured claim."  In addition, the motion itself includes a warning in bold print and all capitals that the granting of the motion may impact Nationstar's claim.  The motion and related notice of hearing were duly served on Nationstar at the address provided in its notice of address change.  ECF Nos. 155 and 157.  The Court held a hearing on the Debtor's motion to approval early payoff under his modified plan on July 13, 2015.  Nationstar did not object, and the Court entered an order granting the requested relief.  ECF No. 158.  That order was duly served on Nationstar.  ECF No. 159.  No appeal was taken.

Finally, on October 5, 2015, well over one year after the Court sustained the objection to Nationstar's claim, the Debtor filed the present Motion requesting that the Court deem the mortgage extinguished pursuant to the Court's prior orders in this case.  On November 6, 2015, Nationstar filed a response to the Motion.  ECF No. 174.  The Court held a hearing on the Motion on November 9, 2015.

In its response and at the hearing on the Motion, Nationstar presented three arguments against the requested relief: first, that Nationstar had not received due process under the law because the Debtor did not properly serve Nationstar with certain documents and certain orders of the Court; second, that the Debtor's objection to Nationstar's claim should have been denied on the merits because Nationstar is able to prove itself as the

5

rightful holder of a mortgage on the Debtor's home; third, that the Motion is procedurally deficient because the matter must be brought as an adversary proceeding.

Nationstar received this Court's order determining that it held only an unsecured claim in this case. ECF 123. There was no appeal from that order. Nationstar was served with the Debtor's motion seeking to strike Nationstar's notices of mortgage payment change, which explicitly relied on the Court's ruling that Nationstar had no secured claim in this case. ECF No. 141. Nationstar was also served with the notice of hearing on that motion. Nationstar did not object to the relief requested in that motion nor did Nationstar attend the hearing. Based on the Court's own prior order that Nationstar held only an unsecured claim in this case, the Court granted the Debtor's motion to strike and that order was duly served on Nationstar. ECF Nos. 148 and 149. The finding that Nationstar does not have a secured claim – that it has no enforceable mortgage on the Debtor's home – is a necessary component of that ruling. The order was not appealed. Nationstar may not now argue to the contrary. Nationstar was served with the Debtor's motion for authority to pay off its modified plan in a lump sum. ECF No. 155. That motion explicitly relied on the Debtor's modified plan, which itself explicitly stated that Nationstar held only an unsecured claim. Nationstar received notice of the hearing on that motion. Nationstar did not object to the relief requested nor did Nationstar attend the hearing. Again, based on the Court's own prior order that Nationstar held only an unsecured claim in this case, the Court granted the Debtor's motion to pay off his plan in a lump sum and that order was served on Nationstar. ECF Nos. 158 and 159. The finding that Nationstar does not have a mortgage on the Debtor's home is a necessary component of that ruling. The order was not appealed. For this reason as well, Nationstar may not now argue to the contrary.

After ample notice, on multiple occasions, over an extended period of time, Nationstar failed timely to object or otherwise protect its interests in this case. Nationstar

is bound by prior orders of this Court, which are now long final.  Nationstar did not have a secured claim against this Debtor.  Nationstar does not have an enforceable mortgage on the Debtor's home.  The Debtor has now received a discharge in this case.  Nationstar thus has no claim against the Debtor or the Debtor's property in any regard.

It does not matter if Nationstar had a valid response to the Debtor's initial objection to Nationstar's secured claim.  It does not matter if Nationstar had a valid objection to the Debtor's several motions aimed at Nationstar.  The Debtor presented facially supportable requests that explicitly informed Nationstar of the potential effect on its claim.  The Court set the matters for hearing.  Nationstar had ample notice of those hearings.  Nationstar failed to object.  Orders were duly served on Nationstar.  Nationstar failed timely to request reconsideration or appeal those orders.  Whether Nationstar might have had good reason to contest the Debtor's actions has no impact on the Court's analysis here.  *See Travelers Indemnity Co., et al. v. Bailey*, 129 S.Ct. 2195, 2205-06 (2009) (subject to requirements of due process, final orders of the bankruptcy court are res judicata even if the court lacked subject matter jurisdiction).

Nationstar argues that the Debtor's request is procedurally improper as Fed. R. Bankr. P. 7001(2) requires the filing of an adversary complaint to "determine the validity, priority, or extent of a lien or other interest in property."  Yet the Debtor does not now ask the Court to make an initial determination with regard to the validity or extent of Nationstar's lien.  The Debtor is asking this Court to enforce its own orders determining that Nationstar did not have a secured claim in this case.  No complaint is required.  To the extent the Court's prior rulings, based on motions duly served on Nationstar and set out in orders duly served on Nationstar, might have implicated that rule, which is unlikely, Nationstar long ago waived this argument by failing to raise it in a timely manner.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. The Motion [ECF No. 170] is GRANTED.

2. In accordance with prior orders of this Court entered at ECF Nos. 123, 148, and 158, and consistent with this Court's order entered at ECF No. 139 and the modified plan approved thereby, the Court confirms that the mortgage recorded at OR Book 18800, Page 1874, of the Public Records of Palm Beach County, Florida, currently in favor of Nationstar Mortgage, LLC by virtue of a purported assignment, is satisfied, extinguished, and of no further force or effect.

3. The Debtor may record a copy of this Order in the public records.

###

Copies furnished to:

John A. Moffa, Esq.

*John A. Moffa, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*